```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ANTHONY WILKINS, JR.,**

      Movant

v.                                                CIVIL ACTION NO. 2:08-1123
                                                           (Criminal No. 2:07-00149)

**UNITED STATES OF AMERICA,**

      Respondent

## MEMORANDUM OPINION AND ORDER

Pending is the motion of Anthony Wilkins, Jr., pursuant to 28 U.S.C. § 2255, filed September 25, 2008.

On September 1, 2006, law enforcement visited the residence of Quentina Ellis and the movant.  The officers responded to the location after a female phoned 911 stating she was locked in an upstairs room of the residence after the movant had threatened and battered her earlier.  She stated two firearms were in the residence.

When law enforcement arrived, no one initially responded to their attempts to speak with the residence's occupants.  Movant eventually came out of the home and stated his girlfriend was still in the residence with their children.

1

Movant claimed the 911 calls were made by a disgruntled ex-girlfriend no longer living in West Virginia.  Movant was then arrested on an outstanding state court _capias_ relating to child support obligations.

Law enforcement continued to knock on the door.  After 5 to 10 minutes, Ms. Ellis, along with her two children, responded.  She professed that she and the children were unhurt.  Metro 911 continued to advise law enforcement that the earlier 911 calls had come from movant's cellphone.  Following her initial refusal, Ms. Ellis consented to a law enforcement search of the residence, a home she shared with the movant.  Both Ellis' and movant's names were apparently on the lease.  Movant contends that he unequivocally refused to consent to the search while detained in a patrol car following his initial encounter with law enforcement at the residence.  With Ellis' consent, however, the search proceeded.

During the search, law enforcement officers recounted that they observed, _inter alia_, (1) a DVD case with a white powder residue on it, and (2) green vegetation consistent with the appearance of marijuana.  After obtaining a search warrant, law enforcement found cocaine, cocaine base, firearms, digital scales, razor blades, and other items consistent with drug

2

trafficking.  Movant was then transported to the station.  While being videotaped, movant was advised in detail of his Miranda rights, stated that he understood them, and executed a written waiver.  Movant then gave a videotaped statement to law enforcement.  He confessed to, inter alia, distributing and possessing with intent to distribute cocaine and cocaine base and possessing firearms for protection.

On August 7, 2007, the grand jury returned a two-count indictment against the movant and co-defendant Ellis.  Count One charged that both defendants, aided and abetted by one another, possessed with the intention to distribute 50 grams or more of cocaine base in violation of 18 U.S.C. §§ 841(a)(1) and 2.  Count Two charged the same offense but with an unstated quantity of cocaine.

On November 19, 2007, movant's lawyer moved to suppress.  He alleged, inter alia, that "[n]o consent obtained from the officers for the initial search was constitutionally valid, and no other exigency justified warrantless entry into the premises."  (Mot. at 1).  On December 17, 2007, the United States filed a single-count information against the movant alleging that he possessed with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  On December 19, 2007, movant pled guilty to the reduced charge set forth in the

3

information.  He was sentenced to 108 months in prison and a five-year supervised release term.  Movant failed to notice a direct appeal.

Movant seeks the vacatur, set aside, or correction of his conviction and sentence.  As noted by the magistrate judge, movant's lone basis for relief originally appeared to lay in the mistaken assertion that his lawyer failed to move to suppress evidence obtained as a result of a warrantless search of his residence.

Movant now attempts in his objections to refine that ground for relief, asserting his lawyer was ineffective inasmuch as "counsel should have delayed any plea agreement signing until there was a ruling on the suppression motion by the Court."  (Objec. at 2).  He further asserts that "[c]ounsel's failure to argue Georgia v. Randolph, 547 U.S. 103 . . . (2006) rendered incompetent representation . . . ."[1]  (Id. at 3).

In Tollett v. Henderson, 411 U.S. 258 (1973), the Supreme Court observed as follows:

---

[1] In Randolph, the defendant's estranged wife allowed a search of the marital residence after defendant, also present, unequivocally refused to consent.  The Supreme Court concluded that a "a physically present co-occupant's stated refusal to permit entry prevails, rendering [a] warrantless search unreasonable and invalid as to him."  Id. at 106.

4

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann[ v. Richardson, 397 U.S. 759 (1970)].

Id. at 267; see also 5 Wayne R. LaFave et al., Criminal Procedure § 21.6(a) (3d ed. 2008) (observing that "a valid plea of guilty generally bars the defendant from subsequently raising objections which might well be a basis for overturning his conviction had he gone to trial.").

In view of Tollett and its progeny, then, movant is entitled to relief only upon demonstrating that his lawyer's performance respecting the Rule 11 process was inadequate under the Sixth Amendment. See Fields v. Attorney General of State of Md., 956 F.2d 1290, 1296 (4th Cir. 1992)(stating "A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea."). The familiar standard from Strickland v. Washington, 466 U.S. 668 (1984), as refined in the guilty plea context by Hill v. Lockhart, 474 U.S. 52 (1985), governs the inquiry. The two-part standard examines whether counsel's performance "fell below an objective standard

5

of reasonableness," and whether, "but for counsel's errors," the movant would have "insisted on going to trial . . . ." Hill, 474 U.S. at 59; see United States v. Mooney, 497 F.3d 397, 401 (4th Cir. 2007).

Respecting the performance of movant's lawyer, the rather broad language in the suppression motion could have contemplated a Randolph-based challenge to the consent to search given by movant's co-defendant. This construction militates against movant's contention that his lawyer's performance was objectively unreasonable. A similar conclusion follows respecting the timing of the plea agreement. Movant does not discuss whether a deadline was imposed by the United States for accepting the plea agreement or any other details respecting the negotiations. In any event, the stakes were significant and movant benefitted in a substantial way. Originally faced with a mandatory minimum term of ten years on Count One alone, with a maximum sentence of life imprisonment, his lawyer secured a five to forty-year term instead.

Moving to the second prong of the analysis, it is far from clear that any errors by his lawyer kept movant from insisting upon his Sixth Amendment right to a jury trial. Assuming movant would have made out the necessary factual predicate under Randolph, suppression and dismissal would not

6

have followed ineluctably.  His subsequent waiver of rights and confession, along with the circumstances surrounding the 911 calls which may well have independently justified the issuance of a warrant, would likely have provoked the United States to offer further arguments to avoid suppression.  See, e.g., Nix v. Williams, 467 U.S. 431 444 (1984) (inevitable discovery doctrine); Nardone v. United States, 308 U.S. 338, 341 (1939) (attenuation doctrine); Herring v. United States, No. 07-513, slip op. at 5 (U.S. Jan. 14, 2008) (stating "[O]ur precedents establish important principles that constrain application of the exclusionary rule.").  This consideration aside, and again assuming counsel committed error, one searches the movant's filings in vain for an assertion that he would have chosen a trial over a plea had he and his lawyer paused to await a suppression ruling.

Movant's challenge instead appears based upon the speculative hope that the timing of the court's ruling, and the predicate facts and law, would have coalesced such that all fruits from the search would have been excluded.  (See Objec. at 5, 12 (stating "[B]ut for counsel's incompetent representation, the outcome of the suppression hearing may have affected the outcome of this matter . . . ." and "Petitioner is entitled to an opportunity . . . to show that his trial counsel was ineffective

7

and that absent such ineffective representation, specifically the presentation of <u>Randolph</u>, there is a reasonable probability that the District Court's ruling on his motion to suppress would have changed the outcome of this case."). Movant's conjecture on these points is insufficient to satisfy the rigors of <u>Strickland</u> and <u>Hill</u>.

Based upon the foregoing discussion, the court concludes that movant's guilty plea resulted in the waiver of his right to raise the antecedent, non-jurisdictional defects he alleges. Further, movant has failed to satisfy the <u>Strickland</u>/<u>Hill</u> standard for demonstrating that his lawyer was constitutionally deficient.

The court, accordingly, adopts and incorporates herein the magistrate judge's proposed findings and recommendation and ORDERS that movant's section 2255 motion be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED:  January 16, 2009

John T. Copenhaver, Jr.
United States District Judge