IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:07-00149

ANTHONY WILKINS, JR.


MEMORANDUM OPINION AND ORDER


         Pending is defendant's motion to modify sentence, filed
on April 20, 2009, pursuant to 18 U.S.C. § 3582(c)(2).  The motion
to modify sentence is based upon the November 1, 2007, amendment
to U.S.S.G. § 2D1.1, which the United States Sentencing Commission
made retroactive effective March 3, 2008.

         Section 1B1.10(b) controls a defendant's eligibility for
a reduction in sentence based upon a post-disposition guideline
amendment.  Section 1B1.10(b)(1) provides as follows:

>        In determining whether, and to what extent, a reduction
> in the defendant's term of imprisonment under 18 U.S.C.
> § 3582(c)(2) and this policy statement is warranted, the
> court shall determine <u>the amended guideline range that
> would have been applicable to the defendant if the
> amendment(s) to the guidelines listed in subsection (c)
> had been in effect at the time the defendant was
> sentenced</u>. In making such determination, the court shall
> substitute <u>only the amendments listed in subsection (c)
> for the corresponding guideline provisions that were
> applied when the defendant was sentenced</u> and shall leave
> all other guideline application decisions unaffected.

U.S.S.G. § 1B1.1(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,
applic. note 1(A) ("Eligibility for consideration under 18 U.S.C.
§ 3582(c)(2) is triggered only by an amendment listed in

subsection (c) that lowers the applicable guideline range.  . . .
[A] reduction in the defendant's term of imprisonment is not
authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with
this policy statement if: (i) none of the amendments listed in
subsection (c) is applicable to the defendant . . . .").

The court notes that the defendant was sentenced on
March 28, 2008, in accordance with the November 1, 2007, edition
of the Guidelines Manual and received the benefit of the amendment
to U.S.S.G. § 2D1.1 at that time.  Although U.S.S.G. § 2D1.1 was
further amended effective May 1, 2008, by Amendment 715 in order
to modify the manner in which combined offense levels are
determined in cases involving cocaine base and one or more
controlled substance, a recalculation of the sentencing guideline
range for this defendant remains unchanged inasmuch as the
defendant received the full benefit of the amendment when he was
originally sentenced.  It is, accordingly, ORDERED that the
defendant's motion be, and it hereby is, denied.

To the extent the defendant seeks further relief
pursuant, inter alia, to Kimbrough, it is ORDERED that his request
be, and it hereby is, denied.  See United States v. Dunphy, 551
F.3d 247 (4th Cir.  2009).

2

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER:  March 4, 2010

John T. Copenhaver, Jr.
United States District Judge